IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LATISHA MINOR )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEAD JOHNSON & COMPANY LLC )<br>RECKITT US HOLDINGS LLC )<br>Defendant. )<br>) | CASE NO. 1:25-cv-25-2216 |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of acts and omissions to act by the Defendant. In support of her Complaint and as cause of action against Defendants, Plaintiff respectfully submits the following.

## JURISDICTION

1. This suit is authorized and instituted pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on August 5, 2025.

## PARTIES

3. Plaintiff is a Black woman who resides in the Southern District of Indiana.

4. Defendant Mead Johnson & Company LLC is a corporation doing business in the Southern District of Indiana.

5. Defendant Reckitt US Holdings LLC is a corporation doing business in the Southern District of Indiana.

## FACTS

1

6. Plaintiff began working for Defendant since 2014 as a temporary employee and she became a permanent employee in May 2016.

7. Plaintiff worked for Defendant as a Production Line Technician.

8. Plaintiff performed her job well and met Defendant's legitimate expectations.

9. Prior to Plaintiff's termination, Plaintiff had never received any disciplinary notices.

10. On or around August 22, 2024, a white co-worker called Plaintiff a dumb bitch and then stated, "Ms. Little Perfect messed up."

11. Plaintiff's colleagues informed Plaintiff of the statements made by the white co-worker.

12. On or around August 29, 2024, Plaintiff was in the locker room when she saw the white co-workers come in from the bathroom.

13. Plaintiff approached the co-worker to address and de-escalate the tension since they had been friends for a long time.

14. Plaintiff was neither aggressive nor violent to the co-worker.

15. Plaintiff informed the co-worker she did not have to call her a dumb bitch.

16. The co-worker stated, "I forgot you are Ms. Perfect. Don't approach me at my job."

17. Plaintiff informed the co-worker that it had to end.

18. The co-worker then stormed out of the locker room screaming, "You didn't check me."

19. Later that day, Plaintiff's manager sent Plaintiff a text messaging instructing her to go to the Human Resources office.

20. Plaintiff met with the manager and a member of Human Resources. The Human Resources personnel asked Plaintiff about what happened in the locker room. Plaintiff was also asked whether she threatened her co-worker.

21. Plaintiff explained the situation and denied all accusations. Plaintiff also provided names of the witnesses to the incident.

22. Defendants' Human Resources personnel instructed Plaintiff to go home. Plaintiff inquired as to whether her co-worker would be sent home, and the Human Resources personnel said no.

23. On September 5, 2024, Plaintiff's manager and the Human Resources personnel called Plaintiff and informed her she was terminated.

24. However, non-African-American employees were involved in actual altercation but were never terminated.

25. Plaintiff was discriminated against because of her race.

26. Plaintiff would not have been terminated but-for her race.

27. Plaintiff was terminated due to her race.

## COUNT I

28. Plaintiff incorporates by reference paragraphs 1-26.

29. Defendants, as a result of discriminating against Plaintiff due to her race, violated the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## COUNT II

30. Plaintiff incorporates by reference paragraphs 1-26.

31. Defendants, as a result of discriminating against Plaintiff due to her race, violated Title VII of the 1964 Civil Rights, 42 U.S.C. § 2000 et. seq.

## COUNT III

32. Plaintiff incorporates by reference paragraphs 1-26.

33. Defendants, as a result of terminating Plaintiff due to her race, violated the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## COUNT IV

34. Plaintiff incorporates by reference paragraphs 1-26.

35. Defendants, as a result of terminating Plaintiff due to her race, violated Title VII of the 1964 Civil Rights, 42 U.S.C. § 2000 et. seq.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay, future pay, and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff pre-and-post judgment interest;

E. Aware Plaintiff her costs in this action and reasonable attorney fees; and

F. Grant any other relief which is allowable under the circumstances of this case.

Respectfully submitted,

*/s/Stephen Rollins*
Stephen Rollins, #35791-49
Amber Boyd, #31235-49
**AMBER BOYD LAW**
8506 Evergreen Avenue
Indianapolis, IN 46240
317-960-5070
stephen@amberboydlaw.com
amber@amberboydlaw.com

## **REQUEST FOR JURY TRIAL**

Comes now the Plaintiff, by Counsel, and requests this cause be tried by a jury.

                                              Respectfully submitted,

                                              */s/Stephen Rollins*
                                              Stephen Rollins