IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LATISHA MINOR | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-02216-TWP-MG |
| | ) |
| RECKITT US HOLDINGS LLC | ) |
|     Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.** **Parties and Representatives**

    A. **Plaintiff:** Latisha Minor

        **Counsel:** Stephen Rollins
**AMBER BOYD LAW**
8506 Evergreen Avenue
Indianapolis, IN 46240
(317) 960-5070
stephen@amberboydlaw.com

    B. **Defendant:** Reckitt US Holdings LLC

        **Counsel:** Michael R. Futterman (*pro hac vice* admitted)
Duane Morris LLP
200 Campus Drive Suite 300
Florham Park, NJ 07932-1007
Ph.: 973-424-2082 Fax: 973-718-4592
Mrfutterman@duanemorris.com

Alex W. Karasik
Duane Morris LLP
190 S. Lasalle Suite 3700
Chicago, IL 60603
Ph.: 312-499-6766 Fax: 312-284-1064
Awkarasik@duanemorris.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

    A. **Jurisdiction:** This suit is instituted and authorized pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e.

    B. **Plaintiff's Statement of Claims:** Plaintiff is a Black woman who resides in the Southern District of Indiana. Plaintiff began working for Defendant since 2014 as a temporary employee and she became a permanent employee in May 2016. Plaintiff worked for Defendant as a Production Line Technician. Plaintiff performed her job well and met Defendant's legitimate expectations. Prior to Plaintiff's termination, Plaintiff had never received any disciplinary notice. On or around August 22, 2024, a white co-worker called Plaintiff a dumb bitch and then stated, "Ms. Little Perfect messed up." Plaintiff's colleagues informed Plaintiff of the statements made by the white co-worker. On or around August 29, 2024, Plaintiff was in the locker room when she saw the whire co-worker come in from thebathroom. Plaintiff approached the co-worker to address and de-escalate the tension since they had been friends for a long time. Plaintiff was neither aggressive nor violent to the co-worker. Plaintiff informed the co-worker she did not have to call her a dumb bitch. The co-worker stated, "I forgot you are Ms. Perfect. Don't approach me at my job." Plaintiff informed the co-worker that it had to end. The co-worker then stormed out of the locker room screaming, "You didn't check me." Later that day, Plaintiffs manager sent Plaintiff a text message instructing her to go to the Human Resources office. Plainatiff met with the manager and a member of Human Resources. The Human Resources personnel asked Plaintiff about what happened in the locker room. Plaintiff was also asked whrther she threatened her co-worker. Plaintiff explained the situation and denied all accusations. Plaintiff also provided names of the witnesses to the incident. Defendant's Human Resources peronnel instructed Plaintiff to go home. Plaintiff inquired as to whether her co-worker would be sent home, and the Human Resources personnel said no. On September 5, 2024, Plaintiff's manager and the Human Resources personnel called Plaintiff and informed her she was terminated. However, non-African-American employees were involved in actual altercations but were never terminated. Plaintiff was discriminated against because of her race. Plaintiff would not have been terminated but-for her race. Plaintiff was terminated due to her race.

    C. **Defendant's Statement of Defenses:** Plaintiff was never employed by Defendant Reckitt US Holdings LLC ("Reckitt"), but rather by Mead Johnson & Company LLC ("Mead Johnson"). Because Reckitt was not Plaintiff's employer, it cannot be held liable for any claims related to her employment or the separation thereof. Defendant intends to move to dismiss Reckitt for failure to state a claim. To the extent the Court permits Plaintiff to amend her Complaint to add Mead Johnson as a Defendant, Mead Johnson also cannot be held liable for discrimination because Plaintiff's employment was terminated for legitimate non-discriminatory reasons. Plaintiff engaged in severe misconduct by intimidating and threatening to

2

physically harm a co-worker. Specifically, Plaintiff confronted one colleague, getting close to her face making intimidating remarks, and explicitly stated to another that she could "bash" the same employee's "head into a pole." Such behavior is not only a clear violation of Company policy, but also poses a serious threat to the safety and well-being of Mead Johnson employees. Following a prompt and thorough investigation that included six interviews, the Company terminated Plaintiff's employment for violating its Violence in the Workplace Policy. Mead Johnson did not discriminate against Plaintiff and there is absolutely no evidence suggesting that it did.

III.  **Pretrial Pleadings and Disclosures**

   A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **the date that is two weeks after Defendant files its answer to Plaintiff's yet to be filed amended complaint.**

   B.  Plaintiff(s) shall file preliminary witness and exhibit lists **no later than 7 days after initial disclosures are served**. .

   C.  Defendant(s) shall file preliminary witness and exhibit lists **no later than 14 days after initial disclosures are served** .

   D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 3, 2026.**

   E.  Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **April 3, 2026**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

   F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 28, 2026**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 30, 2026**. The Court reserves the right to extend these dates based on the filing of the Amended Complaint.

   G.  Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient

3

      resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **no later than 120 days prior to the proposed trial month.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before **December 28, 2026**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony. The Court reserves the right to extend these dates based on the filing of the Amended Complaint.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    <u>Discovery of electronically stored information ("ESI")</u>.

    1. <u>Nature of Production of ESI</u>. Absent any objection, electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party .pdf copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request a native format electronic copy, including any associated metadata and embedded data, be provided to it. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner, absent any objection from the producing party. The parties further agree to cooperate in good faith concerning the form in which ESI is to be produced when requested in a different format before bringing a motion to compel. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection.

    2. <u>Cost and Burden of Producing Electronic Discovery</u>. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) To

the extent that the parties request files or copies of documents, the parties agree that such documents shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the costs of assembling the responses to the requests; (2) Any extraordinary costs for duplication shall be allocated to the requesting party; and (3) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

3. <u>Unintentional Disclosure of Privileged Documents</u>. When a party learns that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the party shall notify the other party in writing sothat the document may be returned. In the event of the same, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4. <u>Preservation of Data</u>. Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

5. <u>Additional Issues</u>. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

**IV.** <u>**Discovery[1] and Dispositive Motions**</u>

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

    A.    As it understands the facts now, Defendant intends to make a motion for summary judgment on Plaintiff's Title VII and 1981 claims. As noted above, following a prompt and thorough investigation, Mead Johnson terminated Ms. Minor's employment for violating its Violence in the Workplace Policy. Ms. Minor will not be able to establish a *prima facie* case under Title VII as she cannot establish that she was meeting Mead Johnson's legitimate expectations; or that she was treated less favorably than similarly situated employees of a different race. Even if Plaintiff could make out a *prima facie* case, Mead Johnson will have provided clear and compelling evidence of its legitimate, non-discriminatory reason for her termination – namely, purposefully attempting to intimidate a co-worker and threatening that she could "bash [the same co-worker's] head against a pole." Plaintiff conversely, will be unable to produce any evidence suggesting that her termination was a pretext for race discrimination.

    B.    On or before **September 4, 2026** and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Dispositive motions are expected and shall be filed by **October 28, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 28, 2026**; expert witness discovery and discovery relating to damages shall be completed by **January 28, 2027**. The Court reserves the right to extend these dates based on the filing of the Amended Complaint.
<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V. <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in July 2026.**

## VI. <u>Trial Date</u>

The parties request a trial date in **June 2027**. The trial is by JURY and is anticipated to take <u>five (5) days.</u> Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management

order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. <u>**Referral to Magistrate Judge**</u>

    A.    **Case**. At this time, all parties **DO NOT** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.    **Motions**. Defendant does not object to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge. Plaintiff does not consent to the Magistrate Judge handling motions ordinarily handled by the District Judge.

> **Commented [SR1]:** We never consent to the magistrate judge making rulings on dispositive motions or for remand.

VIII. <u>**Required Pre-Trial Preparation**</u>

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading

          depositions in a question and answer format, this is strongly encouraged.); or

    b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

8

IX.  **Other Matters**

1. Discovery requests and responses may be served via electronic mail

| */s/: Stephen Rollins* | */s/ Michael R. Futterman* |
|---|---|
| Stephen Rollins, #35791-49 **AMBER BOYD LAW** 8506 Evergreen Avenue Indianapolis, IN 46240 (317) 960-5070 stephen@amberboydlaw.com **ATTORNEYS FOR PLAINTIFF** | Michael R. Futterman (pro hac viceadmitted) Duane Morris LLP 200 Campus Drive Suite 300 Florham Park, NJ 07932-1007 973-424-2082 Fax: 973-718-4592 Mrfutterman@duanemorris.com |

9

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

10

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

11